UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NANCY J. PASTULA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-133-W |
| | ) | |
| LANE CONSTRUCTION CORP., | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON JURY DEMAND**

This case began in state court on July 1, 2005, when the plaintiff filed an employment discrimination claim under the Maine Human Rights Act claiming sexual harassment and whistleblower retaliation. On July 22, 2005, prior to acceptance of service by the defendant, the plaintiff amended her complaint in state court as was her right. Service was accepted on August 9, 2005. The defendant timely removed the case to this court and simultaneously filed its answer on August 26, 2005. Under normal local practice a proposed scheduling order should have issued no later than 10 days after August 26, 2005.

Due to an error on the court's part, no scheduling order issued and no further action was taken by this court until December 28, 2005, when a routine quality control review ascertained that no action had been taken on the case for four months. During the four-month interval neither counsel contacted the court nor attempted to ascertain the status of the case. The plaintiff made no attempt whatsoever to assert a jury trial demand. Following the Court's entry of a scheduling order on December 28, 2005, the case was

placed on the nonjury trial list scheduled to commence September 12, 2006.  On January 12, 2006, the plaintiff filed a motion to amend her complaint so that her count for sexual harassment included a reference to Title VII of the Civil Rights Act in addition to its earlier reference to the Maine Human Rights Act.  (Docket No. 6.)  The proposed second amended complaint did not add any new factual allegations.  The defendant did not object to the motion to amend and on February 3, 2006, following the twenty-one day response period, I granted leave to file the amended complaint.  That same day the plaintiff filed her amended complaint and also a demand for jury trial.  (Docket Nos. 8 & 9.)  The demand for jury trial was filed over one month *after* the issuance of the scheduling order that placed the case on the nonjury trial list and over five months after the defendant removed the case to this Court and filed its answer.

The plaintiff initially claimed that her jury demand was timely pursuant to Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure and Local Rule 38, asserting that under Rule 81(c) her jury demand was timely because Maine law does not require a party to make an express demand *in the complaint* in order to claim a trial by jury.[1]  The defendant objected to the obviously untimely jury trial demand, noting that no matter which provision of Rule 81(c) applied, the plaintiff's jury trial demand was due at the latest on September 5, 2005, ten days after the answer was filed.  The defendant pointed out that the escape valve in Rule 81(c) only applied if the applicable state law does not require litigants to make express demands in order to claim trial by jury.  Currently

---

[1] The relevant portion of Rule 81(c) states:

> If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

Fed. R. Civ. P. 81(c).

Me.R.Civ.P. 38(b) requires a party to make a jury demand under the terms of a scheduling order issued by the state court. The Maine Rules of Civil Procedure have long required a party to make a jury demand at some point during the pretrial period to prevent the case from defaulting to the nonjury list. The defendant's position on this issue is unassailable and has been the recognized rule in this district for many years. See Bonney v. Can. Nat'l Ry. Co., 100 F.R.D. 388, 392 (D. Me. 1983) ("The Court has for that reason [the operation of state civil rule 38(b)] concluded that the subject sentence of Rule 81(c) is not applicable where an action is removed from the courts of the State of Maine.")

    Confronted with this turn of events, the plaintiff argued in her reply memorandum that because the court had granted her motion to file a second amended complaint, her ten-day period for making a jury demand had been revived as of February 3, 2006, when she filed it, making her simultaneously filed jury demand timely. However, that argument only works if the amended complaint has interjected new "issues" in the case within the meaning of Rule 38(b). Because the defendant had no opportunity under the Rules to respond to this new argument put forth by the plaintiff, I scheduled a brief telephonic oral argument to address this issue. The defendant's counsel argued, based upon Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, PC, 243 F.3d 1086, 1090 (7th Cir. 2001), and Communications Maint., Inc. v. Motorola, Inc., 761 F.2d 1202, 1208 (7th Cir. 1985), that supplemental pleadings only extend the jury demand time if they present new *factual* issues that are triable to a jury. In this case the second amended complaint presents absolutely no new factual information and simply adds a statutory reference to Title VII, a new legal ground to support the plaintiff's plea for relief. The new legal theory, like the original legal theory, allows for trial by jury based upon the same

3

operative facts. I adopt the reasoning of these two Seventh Circuit cases as applied to this amended complaint and I am satisfied that the plaintiff did not revive her right to demand a jury trial by filing her second amended complaint. By operation of Rule 38(d) the plaintiff has waived her right to a jury trial in this case.

Notwithstanding the plaintiff's procedural waiver, the court has the discretion under Rule 39(b) to order the case tried by a jury. However, although the plaintiff alludes to the court's discretionary authority she does not present a factual predicate as to why the court should exercise that discretion in this case. The prior case law in this District strongly suggests that the court should have a sufficient factual predicate upon which to base a finding of excusable neglect in circumstances such as these. See French v. Fleet Carrier Corp., 101 F.R.D. 369, 371 (D. Me. 1984) (declining to exercise discretion based on counsel's lack of awareness of federal procedure); Harris Baking Co. v. S.B. Thomas, Inc., 585 F. Supp. 750, 752 (D. Me. 1984) (declining to exercise discretion based on counsel's erroneous reading of Rule 81(c)). The plaintiff has given me absolutely no factual predicate upon which to base a finding of excusable neglect[2] within the meaning of Rule 6(b), yet that would appear to be the sole basis upon which I would exercise discretion to reinstate the plaintiff's right to a jury trial. Harris Baking Co., 585 F. Supp. at 752. Even if a lesser standard could be applied, there simply is nothing in the

---

[2] One is tempted in this situation to simply say "stuff happens" and place the case on the jury trial list. That solution is far simpler for the court. However, if we are to have rules of civil procedure they should be fairly and evenhandedly applied. The defendant opposes placing this case on the jury trial list. I have been given no real reason to exercise the apparent discretion available to me under Rule 39(b). The existing precedent in this District cautions against the arbitrary exercise of that discretion. Citing these cases from the early 1980s appears a bit anachronistic in today's world where jury trials have become such a rarity and the same docket pressures may no longer exist, but the operative provisions of the federal rules of procedure have not materially changed during the time frame. I do not think it appropriate for me to alter settled expectations simply because the court overlooked the case and did not issue a timely scheduling order. In fact, the court's neglect in this case cuts against the plaintiff because if anytime during that four month hiatus the plaintiff had filed a jury demand, most likely I would have issued a proposed scheduling order placing the case on the jury trial list without giving the matter further thought and the defendant would have had to bring the issue to the court's attention.

plaintiff's papers that encourages the Court to exercise its discretion to set aside the plaintiff's waiver.

The First Circuit has said that the trial court has broad discretion under Rule 39(b) and that the case is "very rare indeed where a district court [would] abuse[] its discretion in denying or granting a Rule 39(b) motion." Davis v. Bath Iron Works, 1992 U.S. App. Lexis 20666, *4, 1992 WL 137508, *1 (1st Cir. June 19, 1992) (unpub. dec.). The court suggested that a trial court should consider issues like plaintiff counsel's unfamiliarity with federal practice, the likelihood of prejudice to the defendants, the nature of the issues to be tried, and the extent to which any issues might be particularly appropriate to a jury trial. Id. In this case plaintiff is represented by an able and experienced federal employment discrimination litigator. The defendant has not articulated any prejudice, but then again the plaintiff has only argued that the jury demand was timely, not that the late demand should be excused, so the defendant had no reason to consider the matter in the context of the excusable neglect paradigm. Although in the final paragraph of her reply memorandum the plaintiff does state that defendants will suffer no prejudice, if the defendants must defend the case at a jury trial there are obvious expenses and trial considerations. Furthermore, the case was pending for over seven months before the words "jury trial" were ever uttered by the plaintiff. The defendant's reliance upon the fact that jury trial had been waived was certainly not unreasonable. The nature of the issues to be tried, sexual harassment and whistleblower retaliation, are not the sort of issues that are uniquely capable of determination by a jury. In sum, there is no apparent reason why this case should not remain on the nonjury trial list and I now order that the case remain on the nonjury trial list scheduled to commence September 12, 2006.

Defendant's Objection (Docket No. 11) to Plaintiff's Jury Trial Demand (Docket No. 9) is

**GRANTED.**

## CERTIFICATE

Any appeal of this order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated February 23, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge