UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NANCY J. PASTULA,       )<br>                                           )<br>         Plaintiff              )<br>                                           )<br>v.                                     )   Civil No. 05-133-B-W<br>                                           )<br>LANE CONSTRUCTION  )<br>CORPORATION,           )<br>                                           )<br>         Defendant           ) | |

**O R D E R**

Plaintiff Nancy Pastula has filed a "motion for reconsideration" regarding my prior Order sustaining defendant's objection to her untimely jury demand. The motion does not seek reconsideration of the prior Order in the sense of a Rule 59(e) motion to alter or amend judgment in that plaintiff does not claim an intervening change in law, the discovery of new evidence, or a clear error of law in the original order. See Coffin v. Bowater, Civ. No. 1:03-227-C, 2005 U.S. Dist. Lexis 27468, 2005 WL 3021979 (D. Me. Nov. 10, 2005). Rather, plaintiff's counsel has presented entirely new arguments and supporting facts about why I should have overruled defendant's objection to her patently untimely jury demand. The standard for this sort of motion is a highly amorphous one.

> Although a commonly filed motion, the Court of Appeals for the First Circuit has described a motion for reconsideration as one that does "not necessarily fall within any specific Federal Rule" and, therefore, in such motions the movant "relies on the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires." Greene v. Union Mutual Life Insurance Co., 764 F.2d 19, 22 (1st Cir. 1985) (citation omitted). A motion for reconsideration should not give the losing party the opportunity to simply reargue its losing points and authorities. Moreover, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advancing new arguments or supporting facts which were otherwise available when the original

> summary judgment motion was briefed' is likewise inappropriate." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted); see also Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him."). The broad "interests of justice" standard, which guides the Court's analysis, is highly discretionary. See Greene, 764 F.2d at 22; United States v. Roberts, 978 F.2d 17, 22 (1st Cir. 1992) (noting that the interests of justice test "covers considerable ground").

Id., 2005 U.S. Dist. Lexis 27468 at *3-*5, 2005 WL 3021979, *1-2. Given the cognizable prejudice to the defendant in having to respond to piecemeal litigation of this issue, coupled with the previously recognized prejudice to the defendant of placing a case on the jury trial list six and one-half months after filing, and the effect that granting such a motion would have on the administration of justice in terms of the court's management of its own docket,[1] I now **DENY** the motion for reconsideration.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated March 17, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] Plaintiff's reply memorandum cites to cases in other circuits that have emphasized that in the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted. One of the cases cited, Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) involved a case brought by a blind *pro se* litigant who indicated from his first pleadings that he did not feel competent to represent himself in court. The court specifically noted that the case did not involve the issue of mere inadvertence of counsel.